IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| KENNETH ADAMS, #737562, § | |
| ET AL. § | |
| § | |
| V. § | CIVIL ACTION NO. G-05-082 |
| § | |
| GOVERNOR RICK PERRY, ET AL. § | |

**OPINION AND ORDER**

  Plaintiff Kenneth Adams brought the instant complaint pursuant to 42 U.S.C. § 1983 and the Texas Tort Claims Act on behalf of 133 inmates of the Darrington Unit of the Texas Department of Criminal Justice - Institutions Division (TDCJ-ID). Plaintiffs seek monetary and declaratory relief. Currently before the Court is Defendants Rick Perry, Greg Abbott, TDCJ-ID, Arthur Velasquez and Henry Lance's Motion to Dismiss, filed pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiffs have filed an Opposition to Defendants' Motion to Dismiss and Sur-Reply to Defendants Perry, Abbott and TDCJ-ID's Reply to Plaintiffs' Opposition to Defendants' Motion to Dismiss.

  Plaintiffs allege that "prison policies and conscious indifference to the rights and welfare of the inmates" caused them to suffer food poisoning from one meal served at the Darrington Unit on July 2, 2003. In support of their Section 1983 claim, Plaintiffs cite several violations of the Texas Food Establishment Rules, which were allegedly discovered upon inspection after the incident. Plaintiffs also assert claims under the Texas Tort Claims Act and the Texas Civil Practices and Remedies Code; and, claim that Texas Government Code § 501.019 violates the First, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

In their Motion to Dismiss, Defendants assert that: (1) TDCJ-ID is immune under the Eleventh Amendment; (2) Governor Perry and Attorney General Abbott are immune in their official capacity under the Eleventh Amendment; (3) a federal court lacks jurisdiction over all claims brought under the Texas Tort Claims Act; (4) Texas Government Code § 501.019 is inapplicable in the instant cause because Plaintiffs cannot suffer injury under the statute based upon the claims that they have raised; (5) Section 1983 claims against Perry and Abbott in their individual capacity fail for lack of personal involvement; and (6) Section 1983 claims regarding one incident of food poisoning fail to rise to the level of a constitutional violation.

When, as here, a Rule 12(b)(1) motion is filed with a Rule 12(b)(6) motion, the Court should consider the jurisdictional attack before addressing any attack on the merits. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id*. Dismissal of a Plaintiff's case for lack of subject matter jurisdiction is not a determination on the merits and does not prevent the Plaintiff from pursuing a claim in a court that does have proper jurisdiction. *Id*. After jurisdictional issues have been determined, the Court must accept as true all well-pleaded allegations in the Complaint and view them in a light most favorable to the Plaintiff. *See Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir. 1993). Unlike a Motion for Summary Judgment, a Motion to Dismiss should be granted only when it appears without a doubt that the Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). The United States Court of Appeals for the Fifth Circuit has noted that dismissal for failure to state a claim is disfavored and will be appropriate only in rare circumstances. *Mahone v. Addicks Util. Dist. of Harris County*, 836 F.2d

921, 926 (5th Cir. 1988). Applying the foregoing legal precedent to the Plaintiffs' claims, this Court is of the opinion that the pending Motion to Dismiss should be granted, in part, and denied, in part.

Plaintiffs assert that they and over 600 inmates at the Darrington unit suffered Salmonella-B food poisoning on July 2, 2003, with varying degrees of severity ranging from gastrointestinal distress to the need for hospitalization. Plaintiffs allege numerous statutory and other violations associated with the handling, storage and preparation of food that were discovered by inspectors prior to, on the date of, and after the outbreak. Plaintiffs assert that the action or inaction of Defendants Velasquez and Horn caused or allowed the outbreak to occur and constitutes deliberate indifference to their health and safety in violation of the Eighth Amendment.

The Constitution does not mandate comfortable prisons ... but neither does it permit inhumane ones, and it is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995). The Eighth Amendment imposes a duty upon prison officials to "provide humane conditions of confinement"; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care. *Farmer v. Brennan* 511 U.S. 825, 832 (1994). A prison official violates this duty when by act or omission he is deliberately indifferent to prison conditions which pose a substantial risk of serious harm to the health or safety of the inmates. *Id.* at 834. To establish deliberate indifference in the context of the Eighth Amendment, a prisoner must show that the Defendants were aware of facts from which an inference of an excessive risk to health or safety could be drawn, and, that they actually drew an inference that such potential for harm existed. *Id*. at 837. A determination whether a prison official had the requisite knowledge of a substantial risk is a question of fact, subject to demonstration in a variety of ways including inference from circumstantial evidence or obviousness of the risk. In this case, the Court is of the opinion that

there are insufficient facts to determine what Defendants were aware of, weren't aware of, or should have been aware of with respect to food services at the Darrington unit. Given the severity of the outbreak, the large number of inmates affected and the scarcity of factual predicate, this Court cannot simply dismiss Plaintiffs' Eighth Amendment claim because it has been claimed to have only happened once or to have never happened since, neither of which statements have been shown. Plaintiffs should, at the very least, be allowed limited discovery to develop this potential claim. For these reasons, the Court will **DENY** Defendants' Motion to Dismiss Plaintiff's Section 1983 claims.

With respect to claims against the Texas Department of Criminal Justice-Institutions Division, TDCJ is not a person subject to liability under 42 U.S.C. Section 1983. *Will v. Michigan Dep't. of State Police*, 491 U.S. 58 (1989). It is an agency of the State of Texas and cannot be sued in federal court under the Eleventh Amendment absent a waiver of its immunity from such suits. *Id., see also Ganther v. Ingle*, 75 F.3d 207, 209 (5th Cir. 1996) (citing *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 690 (1978)). Any claim against TDCJ fails as a matter of law.

Similarly, a suit for damages against state officials (Governor Perry and Attorney General Abbott) in their official capacities are considered to be suits against the officials' offices and, as a result, are barred as suits against the state itself. *Will*, 491 U.S. at 70-71. Plaintiff's claims against Perry and Abbott in their official capacities are barred by the Eleventh Amendment.

Plaintiffs also bring claims under the Texas Tort Claims Act against Defendants TDCJ-ID, Velasquez and Lance. In response, Defendants argue that the Court lacks jurisdiction over claims brought under the Texas Tort Claims Act, pursuant to Fed.R.Civ.P. 12(b)(1). This Court agrees. The Texas statute does not waive state immunity to suit in federal court. This determination is consistent with the Fifth Circuit's decision in *Sherwinski v. Peterson*, 98 F.3d 849, 851 (1996) (the Eleventh

Amendment applies to bar suits against state Defendants unless the state has specifically waived its immunity to suit.). As the Fifth Circuit has held in the context of the Texas Tort Claims Act, Texas does not waive Eleventh Amendment immunity in federal courts merely by waiving sovereign immunity in her own courts. *Id.* at 851-52 (citing *Welch v. Dep't of Highways & Pub. Trans.,* 483 U.S. 468, 473-74 (1987)). For this reason, the Court finds that the Eleventh Amendment bars the Court from hearing claims brought under the Texas Tort Claims Act.

Plaintiffs have also sued Defendants Perry and Abbott with reference to claims that the Texas Government Code, (which is annotated in Plaintiffs Amended Complaint, page 13) is unconstitutional or, in the alternative, does not apply to Plaintiff's claims. Briefly noted, the Texas Government Code addresses deductions the state may take from any monetary obligation owed to an incarcerated person. Plaintiffs predicate their claim on their belief that claims filed under the Texas Tort Claim Act will be allowed to move forward in the instant cause, and their Section 1983 claim will be **DISMISSED** by this Court, leaving Plaintiffs with virtually no chance of realizing a monetary damage award.

As previously stated in this Opinion, this Court lacks jurisdiction to hear claims under the Texas Tort Claims Act and they will be dismissed; and, the Court has denied Defendants' Motion to Dismiss Plaintiffs' Eighth Amendment claims. Because Plaintiffs have not alleged or presented evidence that they would be precluded by the statute from an award of damages that they intend to win, they lack standing to seek to invalidate the statute. *See Elk Grove Unified School Dist. v. Newdow*, 542 U.S. 1. 159 L.Ed. 2d 98 (2004) (noting the commitment "'not to pass on questions of constitutionality' unless adjudication of the constitutional issue is necessary."); *see also*, *Kolwalski v. Tesmer*, 160 L.Ed. 2d 519 (2004) ("The doctrine of standing asks whether a litigant is entitled to

5

have a federal court resolve his grievance. This inquiry involves 'both constitutional limitations of federal-court jurisdiction and prudential limitations on its exercise.'"). This claim will be **DISMISSED**.

For the foregoing reasons, "Defendants Perry, Abbott, and Texas Department of Criminal Justice-Institutuional Divisions' Motion to Dismiss" (Instrument no. 5) is **GRANTED** and "Defendants Velasquez and Lance's Motion to Dismiss" (Instrument no. 12) is **GRANTED in part and DENIED in part.**

Accordingly, it is **ORDERED** that all claims brought under the Texas Tort Claims Act are **DISMISSED without prejudice for lack of subject matter jurisdiction.**

It is further **ORDERED** that all claims regarding the Texas Government Code are **DISMISSED without prejudice for lack of standing.**

It is further **ORDERED** that Defendants Perry, Abbott, and TDCJ-ID are **DISMISSED** from this cause.

It is further **ORDERED** that Plaintiffs' Motion for Leave to File Second Amended Original Complaint (Instrument no. 14) seeking to add common law claims of negligence is **DENIED.**

This matter is **REFERRED** back to the Magistrate Judge for further development.

**DONE** at Galveston, Texas, this the 21st day of March, 2006.

_____
Samuel B. Kent
United States District Judge